UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUAN D. VEGA, JR., ) | Case No. C07-1183-JCC-JPD |
| Plaintiff, ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Juan D. Vega, Jr., an inmate at the Federal Corrections Institution ("FCI") in Sheridan, Oregon, seeks to impose liability on the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. The present matter comes before the Court on defendant United States of America's Motion to Dismiss for want of subject matter jurisdiction. Dkt. No. 12. After careful consideration of the motion, the governing law and the balance of the record, the Court recommends that defendant's motion be GRANTED and plaintiff's case DISMISSED with prejudice.

## II.  FACTS AND PROCEDURAL BACKGROUND

On August 27, 2004, Federal Bureau of Investigation ("FBI") Special Agents James R. Rogers and Joseph P. Quinn were tasked with executing a federal arrest warrant for plaintiff and a federal search warrant for a storage unit believed to be used by plaintiff in furtherance of

REPORT AND RECOMMENDATION
PAGE – 1

01  a criminal scheme. Dkt. No. 3 at 1, ¶ 2 (Complaint); Dkt. No. 12-1 at 2, ¶ 2 (Rogers Decl.).
02  While executing the search warrant, the agents spotted plaintiff driving near the storage
03  facility. Dkt. No. 12-1 at 2, ¶ 5 (Rogers Decl.). Special Agent Quinn identified himself to
04  plaintiff as a law enforcement officer and ordered plaintiff to stop his vehicle. *Id.* Instead of
05  stopping, plaintiff accelerated. *Id.* The agents pursued plaintiff for approximately one mile
06  until they were able to stop him at a construction site. *Id.* at 2, ¶ 7. Special Agent Rogers
07  approached the driver's side of plaintiff's truck with his weapon drawn and ordered plaintiff to
08  raise his hands and exit the vehicle. *Id*. at 2, ¶ 8. Plaintiff refused to exit the car. *Id.* As a
09  result, Special Agent Rogers opened the driver's side door, pulled plaintiff out of the truck,
10  and directed him to lie down. *Id.* Plaintiff complied with this order and the agents proceeded
11  to handcuff him. *Id.*

12  Plaintiff was wearing a Rolex wristwatch at this time that was interfering with
13  application of handcuffs. *Id.* at 2, ¶ 9. The watch came loose or Special Agent Rogers
14  removed the watch and placed it on the ground next to the plaintiff. Dkt. No. 3 at 4, ¶ 16;
15  Dkt. No. 12-1 at 2-3, ¶ 9 (Rogers Decl.). Heavy construction vehicles and equipment were
16  moving throughout the area. Dkt. No. 12-1 at 2-3, ¶ 9 (Rogers Decl.). Accordingly, Special
17  Agent Rogers conducted a safety search of plaintiff, safely secured him in the FBI vehicle, and
18  moved him out of the area "as quickly as possible." *Id.* at 2-3, ¶¶ 9-10. While secured in the
19  FBI vehicle but prior to transit, plaintiff questioned the agents about his watch. Dkt. No. 3 at
20  4, ¶¶ 17-18. Having secured plaintiff in the vehicle, the agents returned to the site of the arrest
21  to locate the watch but were unable to find it. *Id.* at 4, ¶ 19; Dkt. No. 12-1 at 3, ¶ 11 (Rogers
22  Decl.). The agents returned to the FBI vehicle and told plaintiff that the watch had been lost.
23  Dkt. No. 3 at 4, ¶ 19.

24  Plaintiff filed an administrative claim for the loss of his watch on August 21, 2006,
25  before bringing the present action in this court pursuant to the FTCA, 28 U.S.C. § 2871 *et*
26  *seq.*, on July 30, 2007. Dkt. No. 3. Plaintiff seeks damages of $30,000 for loss of the watch.

REPORT AND RECOMMENDATION
PAGE – 2

*Id.* at 6. Defendant has moved to dismiss this claim for want of subject matter jurisdiction. Dkt. No. 12. The case had been previously referred to the Undersigned Magistrate Judge. Dkt. No. 6.

## III.  DISCUSSION

### A.  Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs dismissals for lack of subject matter jurisdiction. A district court may hear claims against the United States only if it has subject matter jurisdiction; otherwise the court must dismiss them. Fed. R. Civ. P. 12(h)(3). A court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it. The plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Unlike a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined by the facts contained in the four corners of the complaint—it may consider the facts of record and need not assume the truthfulness of the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court may do so without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).[1] "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*

---

[1] A Rule 12(b)(1) jurisdictional attack may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the sufficiency of the complaint itself has been challenged, and in such a case, the district court will accept the plaintiff's allegations as true. *Id.* By contrast, a factual attack challenges the facts upon which subject matter jurisdiction depends. *Id.* In such a case, the Court need not presume the truthfulness of the plaintiff's allegations and may look beyond the complaint without fear of converting the motion into one for summary adjudication. *Id.* Here, the defendant's motion presents a factual attack.

REPORT AND RECOMMENDATION
PAGE – 3

### B. Federal Sovereign Immunity and the FTCA

The moving party in this case is the United States of America, a sovereign "immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Consent is accomplished only to the extent the United States has waived sovereign immunity by enacting a statute consenting to suit. *Balsar v. Dep't of Justice*, 327 F.3d 903, 906 (9th Cir. 2003). In this regard, the terms of the waiver define the extent of the court's jurisdiction. *United States v. Mottaz*, 476 U.S. 834, 841 (1986). The party seeking to sue the federal government bears the burden of showing an unequivocal waiver of immunity. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987).[2] Plaintiff attempts to do so here by invoking the FTCA, 28 U.S.C. §§ 1346(b)(1), 2671-2680.

In enacting the FTCA, Congress expressly and unequivocally abrogated the United States' immunity for claims arising out of the negligent conduct of federal government employees acting within the scope of their employment. *Id.* § 1346(b)(1) (granting jurisdiction over damages claims against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."). Under the Act, the government may be held liable for negligence "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

### C. The "Detention of Goods" Exception to the FTCA Bars Relief in this Case

While the FTCA the provides for governmental liability commensurate with that of private parties, its waiver of immunity is not absolute. *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984). Where an exception to the FTCA exists under 28 U.S.C. § 2680, the United States has elected not to waive its immunity from suit, depriving the courts of

---

[2] While the plaintiff bears the burden of establishing subject matter jurisdiction and a waiver of immunity, the defendant bears the ultimate burden of establishing that an exception to the FTCA applies. *O'Toole v. United States*, 295 F.3d 1029, 1032 (9th Cir. 2002).

REPORT AND RECOMMENDATION
PAGE – 4

jurisdiction over such claims. *See* 28 U.S.C. § 2680(a)-(n); *Reed ex rel. Allen v. United States Dep't of Interior*, 231 F.3d 501, 504 (9th Cir. 2000). To this end, the Supreme Court has long cautioned that "'limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.'" *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)). Waiver, if found, is strictly construed in favor of the United States. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The exception relevant to the present case precludes suit if the plaintiff's claim arises out of a federal employee's detention of a claimant's property. 28 U.S.C. § 2680(c). Specifically, § 2680(c) states that the FTCA waiver of immunity does not extend to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or *any other law enforcement officer*." *Id.* (emphasis added).

Not only is this exception "interpreted broadly," *Foster v. United States*, 522 F.3d 1071, 1074 (9th Cir. 2008), there can be no dispute that it applies to the special agents in this case in light of the United States Supreme Court's recent decision in *Ali v. Federal Bureau of Prisons*, ___ U.S. ___, 128 S.Ct. 831, 841 (2008). In *Ali*, the Supreme Court resolved a circuit split regarding the applicability of this clause by concluding that the phrase "any other law enforcement officer" of § 2680(c) must be "read to mean what it literally says": § 2680(c) precludes suit "for the entire universe of claims . . . 'arising in respect of' the 'detention' of property . . . by '*any*,' not just 'some,' law enforcement officers." *Id.* (emphasis added) (quoting 28 U.S.C. § 2680(c)).

Here, plaintiff's Complaint states that he was wearing his Rolex watch when he was stopped and arrested by Special Agents Rogers and Quinn and that it was lost, misplaced or mishandled by one of these men while he was being handcuffed at a time during which the FBI had custody over both the plaintiff and the belongings found on his person. Accordingly, under plaintiff's own characterization of the facts, § 2680(c) precludes recovery. *See* Dkt. No.

REPORT AND RECOMMENDATION
PAGE – 5

3 at 1-2, ¶ 1-2 (Complaint) (characterizing Complaint as an action "for damages sustained . . . as a result of the negligent care of Plaintiff's personal property while in the custody and possession of the Federal Bureau of Investigation"). In this regard, whether the watch was mishandled, misplaced or destroyed is of no moment; nor is the alleged negligence of Special Agent Rogers or Quinn. *See, e.g.*, *Kosak v. United States*, 465 U.S. 848, 854 (1984) ("[T]he fairest interpretation of [§ 2680(c)] is the one that first springs to mind: "any claim arising in respect of" the detention of goods means any claim 'arising out of' the detention of goods, and includes a claim resulting from negligent handling or storage of detained property."); *Bramwell v. Bureau of Prisons*, 348 F.3d 804, 807 (9th Cir. 2003) (holding similarly where officers negligently destroyed prisoner's eyeglasses, unaware they were located in the pocket of prisoner's overcoat). Because plaintiff's claim is one clearly "arising in respect of . . . the detention of . . . property," it falls within the detention of goods exception to the FTCA and is therefore barred by federal sovereign immunity. 28 U.S.C. § 2680(c); *Ali*, 128 S.Ct. at 841.

## IV. CONCLUSION

It is unfortunate that plaintiff's watch was mishandled and misplaced by the special agents in this case. However, as a matter of law, the United States is immune from suit under the detention of goods exception to the FTCA, 28 U.S.C. § 2680(c). Accordingly, the Court recommends that defendant's Motion to Dismiss (Dkt. No. 12) be GRANTED and plaintiff's Complaint (Dkt. No. 3) be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 21st day of July, 2008.

/s/ James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge